This is an action by Leo Lachney and wife, Anna Lamartinierre Lachney, for the recovery of damages sustained by the plaintiff, Mrs. Lachney, as the result of injuries received in a fall in an elevator in the department store of the defendant, Wellan's, Inc. Travelers Indemnity Company, as the liability insurer of Wellan's, Inc., is joined as a party defendant. After trial there was judgment in favor of defendants rejecting plaintiffs' demands, from which judgment plaintiffs have appealed.
At about 9:30 A.M. on April 19, 1946, the plaintiff, Mrs. Lachney, who, accompanied by her husband, had been shopping on the second floor of Wellan's store in Alexandria, Louisiana, in the act of entering the elevator for the purpose of descending to the first floor of the building, sustained a fall which caused a fracture of the right femur resulting in serious, painful and disabling injuries. As the basis of recovery plaintiffs urge that the fall was caused by a sudden, sharp and unexpected downward movement of the elevator due to the gross carelessness and negligence of the elevator operator, an employee of the defendant, Wellan's, Inc.
The plaintiff, Mrs. Lachney, at the age of about nine months suffered an attack of infantile paralysis as the result of which her left leg was hopelessly crippled. For a period of more than fifty years, since the age of five, Mrs. Lachney had used crutches as a necessary aid in walking, in the use of which instruments she was unusually adept and skilled, to such extent that she performed her housework, attended to the raising of chickens, drove an automobile, and participated in all the normal activities of life.
On the morning of the accident Mrs. Lachney, accompanied by her husband, had been engaged in looking at dresses on the second floor of defendant's store. After finishing her shopping she proceeded to the elevator which was standing with door open at the second floor level. The testimony of Mr. and Mrs. Lachney is that Mrs. Lachney was being assisted into the elevator by her husband who had a firm grip on her arm; that as she placed her right crutch and right foot inside the elevator there was a sudden downward jerk, which unexpected motion caused Mrs. Lachney to fall to the floor with such suddenness and violence as to break her husband's grip upon her arm; that her right hip came into violent contact with the edge of the flooring at the threshold of the elevator; that Mrs. Lachney was rendered unconscious, was removed to a couch in the ladies lounge by her husband, assisted by a Negro porter, an employee of Wellan's, and within a few minutes taken by ambulance to the Baptist Hospital where she was placed under treatment.
Most of these facts, as above related, are sharply contradicted by the testimony of defendant's witnesses, Olivia Alexander, a colored woman, the operator of the elevator, and Mrs. Robert Hill, an employee of Wellan's, who was present on the second floor within a short distance of the elevator at the time of the accident. These witnesses testified that Mr. Lachney was not assisting his wife at the time of her entrance into the elevator, but was following some several feet behind; that there was no movement of the elevator of any nature; that Mrs. Lachney had completely entered the elevator when her crutches appeared to slip; that Olivia Alexander, the elevator operator, attempted to break the force of Mrs. Lachney's fall by catching her under the head.
The only other testimony in the case, aside from that of the attending physician bearing upon the nature and extent of the injuries, was given by W.R. McDonald, a *Page 852 
representative of the Otis Elevator Company, charged among other duties with the periodic inspection and the maintenance of the particular elevator involved, a product of the Otis Elevator Company. The testimony of this witness is uncontradicted and conclusively establishes the fact that the elevator was in good working order, in good repair, and without any mechanical defect, the same having been inspected a little more than two weeks prior to the accident. We observe, in passing, that no attempt is made by plaintiff to charge defendants with any lack of care or negligence in this particular.
The further testimony of the witness, McDonald, which particularly bears upon this case, is convincing on the point that the elevator in question cannot be moved, so long as the door is open, except by the manipulation of the operating lever to either an up or down position simultaneous with the holding in of an emergency release button which is located in a recessed position on the left panel of the elevator wall. This release button is subject to the pressure of a strong spring which necessitates a maintained counter pressure in order to effect the release of the operating machinery. Because of this fact, and in consideration of the recessed construction which protects the button from accidental contact, it becomes evident, since the door of the elevator was completely open at the time, which fact is uncontradicted, and in view of the good condition and freedom from defects of the elevator at the time, that a movement of the elevator could only have resulted from a deliberate, intentional and simultaneous manipulation by the operator of the release button and the starting lever.
[1] Plaintiffs invoked the doctrine of res ipsa loquitur, and properly so, in the attempt to shift the burden of proof to defendants with the incumbent necessity of showing freedom from negligence. Consequently, it is plain that the determination of this matter must rest upon the resolution of the point as to whether or not Wellan's employee, the elevator operator, deliberately caused the elevator to move at the exact moment that Mrs. Lachney attempted to enter.
[2] The Judge of the lower Court, in an able written opinion, conceding the extraordinary duty of care and freedom from negligence on the part of the owner and operator of an elevator with reference to passengers thereon, after an analysis of the evidence, found that the same preponderated in favor of defendants. We fully concur in this finding.
We are completely unable to reconcile the testimony of plaintiffs, who are the only witnesses in their behalf, and that of the witnesses for defendants, and shall make no attempt so to do.
Plaintiffs' able and industrious counsel makes the point that the testimony of defendant's employees should be scrutinized with great care in view of the natural tendency of employees to lean favorably toward the interests of the employer. We freely concede this point but further observe that certainly there must be at the very least an equally strong motive on the part of plaintiffs to favor in their testimony the service of their own interests. For this reason, we are inclined to feel that this particular point must be resolved on the basis of an evaluation of all the testimony in the light of surrounding circumstances and practical experience.
We find no ground which would justify a conclusion that the experienced and trustworthy operator of the elevator in this instance deliberately caused a sudden movement thereof at the exact moment that a crippled person, who was in view and under the careful observation of the operator, entered therein. There is not even a breath of testimony to the effect that the floor of the elevator was not level and flush with the second floor of the building, nor is there any slightest implication as to the existence of any circumstance which would have rendered the deliberate movement of the elevator necessary or even desirable at the time. It seems inconceivable to us, therefore, that the experienced operator, without any apparent reason, would have performed any act designed to change the position of the elevator.
The testimony of the operator and of Mrs. Hill is consistent, and, we submit, entirely credible, as to the exact cause of Mrs. Lachney's fall. The operator testified that *Page 853 
Mrs. Lachney, entirely within the elevator, appeared to attempt to turn and that one crutch went "this way" and the other crutch went "that way." The testimony of Mrs. Hill substantiates this description inasmuch as she saw the crutches "slip from under" Mrs. Lachney.
To anyone who has at any time experienced the enforced necessity of using crutches, or who has, in any event, had the opportunity of observing individuals using such aids to locomotion, there is nothing strange in the fact that on occasions, despite the experience and skill of the user, these instruments have a tendency to slip and to "spread" in opposite directions. We have no doubt but that this is exactly what happened in this case.
To our minds there is no significance to be attached to the fact that Mrs. Lachney upon recovering consciousness informed her attending physician that the fall had been caused by a sudden downward motion of the elevator. We do not impugn in even the slightest degree the sincerity of this unfortunate plaintiff in holding to this belief, but we are firm in the conviction that the defendants have satisfactorily refuted this contention.
[3] On behalf of plaintiffs the argument is advanced that the defendant, Wellan's, is liable for the negligence and lack of care of its employee, the elevator operator, in failing to assist Mrs. Lachney safely into the elevator. This point is made alternatively in the event the Court should accept the testimony of defendant's witnesses to the effect that at the time of entering the elevator Mrs. Lachney was not in fact being assisted by her husband. In our opinion the question as to whether or not Mr. Lachney was assisting his wife at the time is immaterial. Nor do we consider, in the event Mrs. Lachney was unattended and unassisted by her husband, that there devolved a duty upon the elevator operator to tender any assistance. Certainly if a husband should not consider a crippled wife in need of help, it would not be an obligation of a stranger to assume the existence of such need.
Because of the extremely unfortunate effects of the accident involved herein we have been at unusual pains to examine and consider the record in this case in minute detail, but this careful and painstaking consideration has served only to strengthen the conclusion which we have reached.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
KENNON, J., absent.